The next case on our call this morning is agenda number 6, case number 107832, People of the State of Illinois v. Todd Kelly. Counsel, you may proceed. Erin O'Connell May it please the Court, Erin O'Connell, Assistant Attorney General on behalf of the people of the State of Illinois. Two years ago this Court in People v. Housechild held that the enhancements in the armed robbery statute for the use of a firearm in the course of the crime were unconstitutional because they violated the proportionate penalties clause of the Illinois State Constitution. Specifically at issue in that case was a 15-year enhancement. In this case, the Circuit Court extended Housechild's reasoning to the 20-year enhancement in the same statute. We have appealed to this Court because Housechild should, as this case indicates, be overruled and the Court should declare that all of the enhancements are constitutional. And furthermore, if the Court does not do so, then it should find in this case, where the petitioner entered a negotiated plea and agreed to his sentence, that he should not be entitled to unilaterally modify his sentence based on this subsequent change in the law. There are two grounds on which Housechild should be overruled. The first is that Housechild did not cite or apply the well-established principle that where the Court is called upon to determine whether to invalidate a statutory provision, the Court should, wherever reasonably possible, adopt a construction of the statute that will preserve its constitutionality. In Housechild... Just a question on the constitutionality of the statute. Couldn't the holding in Housechild be simply applied to the defendant? Is it a question of whether that would apply to the defendant? In this case? Yes. Well, one ground that we're arguing is that Housechild does appear to apply as a legal matter to the enhancement at issue here. However, we would urge the Court to revisit certain aspects of the reasoning in Housechild. An alternative argument is that in this particular... Because the first order was vacated by this Court in the matter remanded without this Court having retained jurisdiction. We did not retain jurisdiction, is that correct? In this case? Yes. No. The... The State's failure to file a second notice of appeal, doesn't that deprive the Court of appellate jurisdiction over the second order? No. Is this a case that's just improvidently granted? Well, in this case, there was a notice of appeal filed from the Court's order declaring the statute invalid. And then when it came up on appeal to this Court, the Court remanded for the very limited purpose of entering an order that formally met the requirements of Rule 18. The question would be whether the people are obliged to file a second notice of appeal. However, in this case... What was the basis for bypassing the appellate Court? What was the constitutional question raised that brings this case directly to this Court? That the 20-year enhancement at issue in this case is unconstitutional. So under Rule 18, that would be a question that would be addressed specifically to this Court. Was that issue decided in the trial court? Yes. The trial court did rule that the enhancement is unconstitutional. To get back to the issue of the notice of appeal, because of the unique circumstances here where the Court had jurisdiction and then remanded for a limited purpose, in fact, the Court has retained jurisdiction in this matter and now can consider the content of the order that meets the requirements of Rule 18. Was an order entered retaining jurisdiction in this Court? There was no specific order retaining jurisdiction. So it's your position that in any case, once here, we forever retain jurisdiction? Yes. Where the Court has jurisdiction and then orders the Circuit Court to carry out an administrative task as it did here, the Court is not relinquishing its jurisdiction over the case. It's simply requiring the Court below to conduct a particular task. An order retaining jurisdiction is not necessary? No. Not where the Court is expressed in limiting the order of remand. I would also note that this Court has denied the petitioner's motion to dismiss the appeal on this ground. So unless the Court is inclined to reconsider the issue, I would urge the Court to abide by that previous ruling. Well, either we have jurisdiction or we do not. If we do not have jurisdiction, then you have no place here. I would agree with Your Honor, but on the ground that a second notice of appeal was not filed, that did not deprive this Court of jurisdiction. So the jurisdiction was vested in this Court on the first notice of appeal. That's when the case was initiated, the Court assumed plenary jurisdiction over this case. When the Court simply remands and then requires the Circuit Court to then file a document with the clerk as it did in this case, the Court's jurisdiction is still there and the Court simply proceeds following the Circuit Court's compliance with the Court's order. Ms. O'Connell, you've been pretty up front, right? Your arguments would pretty much involve overruling some established precedent, right, by this Court? Well, the argument that House Child needs to be overruled obviously does require that. The second argument that... You'd really love us to abandon the identical elements test, right? Exactly, right. And that is an issue that this Court has never squarely addressed, the arguments that we've presented in our brief as to why the identical elements test should not be part of this Court's jurisprudence. Would you have any test be part of the jurisprudence to establish a proportionate penalties failure? Well, the traditional test under the proportionate penalties clause is case-by-case. It looks at whether the penalty is proportionate to the crime itself. It doesn't necessarily look at the facial validity of the statute, but it embodies this concern that the particular sentence is proportionate. The argument... The Court's jurisprudence has evolved quite a bit starting in 1983, and the Court actually recently in People v. Sharpe in 2005 thoroughly set forth the history of the Court's jurisprudence. The first major decision we made under that ruling was House Child. Correct. So People v. Sharpe abandoned this Court's cross-comparison test. However, it said that the Court was not ruling on the identical elements test. That was not an issue in that case. It retained that case. The first time that this Court then applied the identical elements test was in People v. House Child. Doesn't it seem if two crimes had the same elements that they would be ripe for comparison? I mean, if you were going to create a system, one element you might have is this same elements test. Because in that circumstance, for virtually the same crime, there's disparate sentences. The question is whether that is an issue that is controlled by the proportionate penalties clause of the state constitution. And the argument is that that clause, the history and the text of the clause, do not support that theory, that that clause is concerned. Well, it has been part of our jurisprudence for some time, and it's survived Sharpe. It has. I agree with you. When Sharpe was a decision that I believe the record that the case record demonstrates was very carefully considered by this Court and came up with the keeping the same elements test as the analytical framework for deciding proportionate penalty questions. It did retain the test. What I would urge the Court to look at is it was in 1990 in People v. Christie that the Court adopted the identical elements test. In Christie, the Court never considered the argument that I'm making here that the proportionate penalties clause does not speak to this issue of crimes having identical elements. Now, every case since Christie has relied on Christie and its limited reasoning on this issue to continue to apply the identical elements test. So it has been part of this Court's jurisprudence. However, as the Court recognized in People v. Sharpe, the Court expanded its reading of the proportionate penalties clause without necessarily engaging in a thorough analysis of what the history of that provision would support. And in Sharpe, of course, the Court recognized that it did not allow for a cross-comparison analysis. And in this case, the identical elements test has been fairly rarely applied as compared to the cross-comparison test. The only three cases of this Court that I'm aware of are Christie, a subsequent 1996 case, and then Housechild. So the Court has never been confronted with the question of how is this test, how is it being applied? Is it a workable rule? Is it something that should be retained? There are numerous flaws in the test that are the same as what the Court confronted in Sharpe with respect to the cross-comparison test. However, the Court was not yet confronted with the issue of whether those same considerations rendered the identical elements test likewise problematic. There are a number of states, right, Counsel, that are still employing what we employed pre-1990. You're comparing the crime to the punishment, basically. Exactly, and that is definitely a proper analysis under the clause. And a couple of those states have found constitutionality problems, but on due process grounds, is that right? Correct, on due process or equal protection. If this Court was to entertain, going back pre-1990, how do you address those due process and equal protection concerns? Those would certainly remain options for a future defendant to raise in this context. At issue here is only the proportionate penalties violation. So certainly the concerns of the identical elements test addresses would remain and could be issues for future cases under those provisions. In fact, this Court itself used to apply due process to the issue presented here, and just as a kind of historical analysis as the Court set forth in SHARP, it was the Court imported those due process considerations into the proportionate penalties clause by way of a CF site, and it's never fully explained how those considerations can also be considered a proportionate penalty. But the majority of states have not found the same due process and equal protection problems. Is that right? That's correct, and courts have relied on the United States Supreme Court's decision in United States v. Batchelder. This Court, in retaining the identical elements test, acknowledged Batchelder and said that case dealt with it under due process and equal protection. It did not address what this Court has in its state constitution, which is the proportionate penalties clause. Thus, the Court distinguished Batchelder on the ground that it was relying on these alternative theories. But in the future, there are states that have found that there is a problem presented by overlapping criminal statutes. So certainly the Court could decide to join the minority. However, in such a future case, the people would urge the Court to adopt the majority position, which is that these do not present any constitutional concern. Well, shouldn't this Court at least have an inkling of whether those concerns exist before abandoning the identical elements test? Yes. But you're not ready to address those today. Oh, I'm willing to address them if the Court would like to. I think, though, that the posture of this case should prevent the defendant or the petitioner from obtaining relief under an alternative theory, just because he hasn't raised it at any point. The concerns, though, I would urge, just based on the briefing and the focus of this case, that a full analysis of whether those theories apply should be deferred to a future case. Here, acknowledging that the concerns may be addressed and can properly be addressed under these other provisions, is further support for this theory that the proportionate penalties clause was simply not intended to apply to this situation. And as the people set forth in their... Defendant by who? Say again? The drafters of the Constitution. Correct, yes, the framers. This Court traditionally, in interpreting the state Constitution, has looked to the historical meaning of the provisions in the Constitution. And it has repeatedly declined to expand the state Constitution in a manner that's not supported by some historical interpretation. And here, the Court has, in fact, adopted an unprecedented interpretation. Of the proportionate penalties clause that no other state with a proportionate penalties clause has adopted. Because the Court traditionally does not do that, it would be better jurisprudence to not import these concerns into the proportionate penalties clause, but instead to address them under these alternative provisions as the Court did pre-1990. Just to get back to, however, the identical elements test issue is certainly... We would urge the Court to abandon that as a test for a proportionality analysis. However, Housechild does not need to necessarily be overruled on that ground. Because that case violated a well-established principle that the Court will construe a statute as constitutional if it can reasonably do so. And at issue, of course, in that case, is a construction of the armed violence statute. The question was whether armed violence, which can be predicated on any felony defined by Illinois law, whether the list of exceptions, which include armed robbery, should be read as logically including simple robbery. The Court adopted a reading of the statute that was quite literal. It said where there is a list and one item is included, another is not, the Court will not read a term into the list that is not there. However, as a matter of logic, because the General Assembly chose to exclude armed robbery and any robbery that could possibly form a predicate for armed violence would be an armed robbery, the General Assembly meant to exclude simple robbery also. And I would just urge the Court to look at the case of People v. Kimbrough. We cited this in our reply brief at page 3. In that case, the Court applied this principle to actually adopt a limiting construction of a statute that was not compelled by the statutory language, but that avoided any constitutional doubt as to whether the statute was constitutional. And again, this is something that wasn't raised in the briefs and it wasn't in the opinion of People v. Housechild, but the holding of that case did violate that principle. So that does provide an alternative ground in addition to whether to revisiting the identical elements test for holding that that decision should be reversed and finding that the armed robbery enhancements are in fact constitutional. Since your time is about up, if the Court affirms otherwise, your argument on remedy, though, is it ought to be remanded for a new sentencing hearing? Correct. And this is an issue that also comes from Housechild. The question is, what is the sentencing range that should be available on resentencing? And we have noted that in other states where they've recognized this to be a constitutional problem, they have looked to the lesser sentencing range for the identical crime. That is a more sensible result because it better enforces what the legislature's assessment of the severity of the offense is. So based on other case law from other jurisdictions, Kansas in particular, we've noted that that is an option for There is a problem with that, though, isn't there? The problem being that you're talking about sentencing a defendant on a crime that was not part of his indictment. Well, he was, because it's identical, he actually was convicted of the same crime that would have led to that lesser sentencing range. At any time did the trial court declare a statute unconstitutional, or did it just find a constitutional violation? It declared the 20-year enhancement contained in the armed robbery statute to be unconstitutional. So it extended Housechild, which specifically dealt with the 15-year enhancement in the same provision, to the 20-year enhancement that is contained in that provision. So that statute has been declared unconstitutional. Since my time is up, I will save any other issues for reply. May it please this Court, my name is Susan Wilhelm with the Office of the State Appellate Defender, and I represent Petitioner-Appellee Todd Kelly, and I'd like to begin with the question of jurisdiction. I do recognize that my motion was dismissed, but I would note that my motion was to dismiss without oral argument, which obviously did not happen. We are here today, and I'm willing to entertain questions. And I think what it comes down to is a simple question of what is the meaning of the court may summarily vacate and remand for a Rule 18 compliant order. In this case, the trial court did declare it unconstitutional. It made an oral pronouncement, but it did not go through the list of things that this Court has over and over insisted upon, the things it has recently enumerated in Rule 18. You want the Court to ask if it's considered a reasonable, any other reasonable construction of the statute, if it has tried to maintain constitutionality. This Court did not make those written findings, the trial court, I'm sorry, did not make those written findings. We had in November a notice of appeal in December, and at the time the notice of appeal was filed, the State asked that if it was not compliant, that the order be vacated and remanded. And that order was granted. So now we have an order of November which no longer exists. It has been vacated. It was sent back, and on the 20th of February, you have the written order that is compliant with the Supreme Court Rule 18. However, you have a premature notice of appeal from December and no subsequent notice of appeal attached to that. Rule 606D clearly requires that Rule 18 compliant. Yes. Which was denied. Which was denied, Your Honor. I would also like to distinguish the cases cited by the State in their motion. McHow and Kincaid and Tompkins were all limited remands after this Court had jurisdiction, heard the cases, they remanded for things such as a Fry hearing or to determine the impact of psychotropic drugs, things that they needed to further answer the questions when those were asked. The State has essentially agreed that these are identical offenses. And I think when you look at Hochschild, when you look at Harvey, and then you look at this case, the enhancements don't change from the 15 to the 20. It's the same language. And it is identical, and it is therefore unconstitutional. The State has found that a challenge to the statute is void, can be made at any time, and can be made in a postconviction petition. The State, basically a lot of its brief is a motion to reconsider Hochschild. They would like for you to go back and abandon the identical elements test. And 13 years ago, this Court, after Christie, was asked to abandon the identical elements test in Lewis. And this Court clearly found that the identical elements test is less troublesome than some of the other tests in use at that time. Particularly, this Court found that it was not acting as a super legislature, because the identical elements test was an objective and deferential type of review. This Court simply compares the offenses, as they're defined by the legislature, with the penalties, which, again, are defined and set by the legislature. I don't think, actually, Your Honor, we're asking for Hochschild to be applied retroactively. Hochschild only affected the 15-year enhancement. We made a challenge under the 20-year enhancement, and this Court was very clear in People v. Hill that you would address each enhancement individually and as they were brought to you. This is the first time the constitutionality of the 20-year enhancement is before this Court. So it's not asking for retroactive review. We're asking for a statute to be declared void and for my client to be entitled to that relief. Then we've touched upon remedy. Can we talk about remedy? Yes, Your Honor, I can definitely talk about remedy. As the State has pointed out, there is definitely a problem with the indictment. If you would sentence Todd Kelly to the what she calls lesser sentence, and the problem with that is that even when you strike the enhancement for armed robbery with the discharge of a firearm, there's a valid sentence remaining, and that sentence is armed robbery. There are cases such as Christie where you declared the means of charging no longer exists. Here, the armed robbery statute still exists once you sever that enhancement. He still has a conviction under armed robbery, and he still has a sentence properly under armed robbery within the 6-30 range. What we are asking is that this Court strictly apply the language of the statute and find that this is indeed two sentences. It says very clearly that it is a Class X felony for which 20 years shall be added to the term of imprisonment imposed by the Court. Therefore, the trial court was to look at all the factors, determine what the amount of imprisonment should be, and then add the 20-year enhancement to there. When the 20-year enhancement is stricken, the 6-year term still remains. Because of the plea negotiations in this case, could one possible remedy be a sentence of the agreed-upon sentence of 26 years under the 6-30? I don't believe that's proper, Your Honor, because in this case, and it's in the record, and you can find it in the State's appendix at page 27, Todd Kelly was clearly admonished that this sentence was 6 years plus 20 years for the use of a firearm. So at that time, that was the agreement that these parties made. But isn't it clear that the legislature wanted to punish a person who discharges a firearm during the crime with at least a 20-year sentence? It is clear that the legislature did want to set a penalty for firearm conduct. However, it's unclear exactly what it wanted that penalty to be. At the same time, it set the penalty for armed violence with discharge of a robbery with a minimum of 20. And obviously, there are other statutory factors in aggravation that would go into that armed violence with discharge. The fact is, there's 20 factors in aggravation, and only one of them considers the harm, what is it, let me find the exact, only one considers to conduct cause or threaten serious harm. And I think that it places, the problem with the enhancement is that it does place undue emphasis, I'm sorry, on the tool with which the harm is committed. And I don't think that we can say that the 20-year minimum is the will of the legislature, because there are a lot more things encompassed in that minimum on the armed robbery, I'm sorry, on the armed violence predicated on discharge of a robbery. There are obviously a lot of other statutory factors and aggravation that had to go into that. But couldn't we conclude that the trial court looked it over, thought this offender ought to get 26 years, knew he was going to get a 20-year enhancement, so set it at six? Wouldn't that mitigate in favor of let's give it back to the trial court and see what you really think? If you do give it back to the trial court, Your Honor, you still have two sentences. You have the six-year sentence imposed by the trial court, and then we run into problems with the statutes that say that you cannot raise a sentence for any reason other than subsequent conduct on resentencing. And obviously, the temptation to the trial court would be to increase that sentence for conduct that is not subsequent to his sentence. It would be for his original conduct, and that runs afoul of our sentencing scheme. Are there due process and equal protection problems with how this court would handle proportionate penalties pre-1990, prior to the identical elements test, comparing the crime to the punishment? I think so, Your Honor, because you have a system where the identical defendant, I'm sorry, defendant's committing identical conduct can be treated in differing fashions. When the state was looking, was giving you the list of their other states, I went through all of these, and what I thought was really interesting is there are states that have proportionate penalties clauses, and there are states that look at this as a due process problem, and the state has not offered a case from any state with a proportionate penalties clause where that corresponding court has been faced with exactly identical offenses with differing sentencing ranges. And I would be interested to see how other courts would deal with that, too. But yes, I do think it offends due process. You expect people who commit the same conduct to be subject to the same penalties. I think in some ways it ties into the other remaining test under proportionate penalties, but I think at a basic level, it does shock the conscience of most people that you could commit the same conduct, but not, you know, be subject to different penalties depending on the whims of the prosecution. Getting back to that 6 to 30, I understand your argument is that the sentence was 6 years and the add-on was 20. Can there be an argument made that the sentence was 26 years and therefore sending it back to the trial court with directions to sentence between 6 and 30 is an appropriate remedy because the ultimate sentence, however the ultimate sentence, could not exceed 26 years? If you do that, Your Honor, you are assuming that the trial court did not properly follow the dictates of the statute. And in the absence of any other information, we are to assume that a trial court properly followed the statute, gave him a sentence based on what he thought was appropriate for his conduct, and then added the 20 years on to it. You don't think that a trial judge looks at the 20-year add-on when determining what is an appropriate sentence in a case? He is to determine what the sentence should be and then add on the 20 years for firearm conduct. That is what he is supposed to do under the statute. So it's your position that a trial court does not look at the overall sentence that's going to be imposed because of the 20-year add-on, knowing full well that the trial court has to add on the 20 years? It's my position that he should follow the statute as it's written, but I have no control over the trial courts. In conclusion, I would respectfully request that this Court continue to apply the identical elements test, and I would ask that this Court affirm the trial court's finding that the 20-year enhancement to armed robbery with discharge is unconstitutional, and that you strike that portion of his sentence. Thank you very much. Ms. O'Connell. Are you aware, Ms. O'Connell, of any cases prior to 1990 where equal protection and due process was addressed in this state? Yes. On this issue? I don't have the names right in front of me, but they are cited in our reply brief. There were two cases where the Court applied a due process theory to find a similar violation. It was actually based on those two cases, and I believe this was part of the proportionate penalties jurisprudence. However, the history of that provision doesn't support this importation of this other test under the different doctrine. I just want to be clear about what exactly this defendant is seeking. He agreed to enter a plea of guilty and to a 26-year sentence. His sentence clearly falls within the General Assembly's judgment of the seriousness of his offense. Undisputedly, it falls within the range for armed violence, falls within the range for armed robbery. In fact, at the time that the parties negotiated, it was believed that this was the minimum sentence under the armed robbery statute. He got a sentence that's proportionate to his crime. Now he is seeking to unilaterally modify his sentence by effectively merging certain doctrines to create a sort of technicality. Because the Court uses the identical elements test to declare statutes facially unconstitutional, and the Court has this doctrine of void ab initio, where if a statute is declared unconstitutional, if there is a strict application of this doctrine, then it's void for all purposes and the Court proceeds as if it never existed. Now he's trying to get a drastically reduced sentence of 6 to 15 years. Of course, he is also seeking to keep the state bound to its end of the bargain, which was to give him this sentence and to drop certain charges against him. There is an option. The Court in Perlstein v. Wolk, also a recent case, recognized in the civil context that this is a doctrine of void ab initio, should be relaxed in certain circumstances. The Court has recognized that it should view the statute as existing for purposes of assessing the party's reliance. So it did this in a civil context. We are asking the Court to apply similar reasoning to the context of a plea agreement. And a plea agreement, although this is a criminal case, a plea agreement is a contract and is governed by contractual principles. Counsel, can we go back to Perlstein for just a minute? Yes. That case, civil attorney malpractice case, the majority acknowledged the reality that both the statute is declared, for a statute is declared unconstitutional, its existence may have consequences which cannot be ignored. However, the majority was also careful to emphasize that strict application of the void ab initio rule is warranted, where defendants' constitutionally guaranteed rights are in need of vindication. That is true. It's far from being right on point. Well, it is on point in that it supports the theory that the Court will occasionally look at considerations of the party's reliance on a statute of limitations. That is not a statute of limitations context. This is a particular context where that is also an appropriate analysis. It is not a circumstance in which this defendant's constitutional rights have been violated. There is no question that his sentence is proportionate to his crime. In this area of negotiated sentences, of course, there are contractual considerations. That would distinguish it from the class of statute, but the majority did recognize that strict application of the rule should continue to be applied. So this is not exactly the context of a criminal case in which there is a constitutional violation. Instead, it is a plea agreement context where the parties negotiated, both sides relied on the existence of these statutes, presumed their constitutionality, and used that to arrive at an appropriate sentence. And, of course, the sentence does fall within the range for both armed robbery and armed violence. I would just also note that I was reminded that if the Court is willing and would like to address the considerations of the identical elements test under due process and equal protection, of course, this wasn't fully briefed before, but we would, of course, be happy to submit a supplemental brief on those issues if the Court is inclined to take that approach on that issue in this case. If there are no further questions, we would ask that the circuit court's order declaring a 20-year enhancement on constitutional be reversed, and defendant's conviction and sentence be affirmed. Thank you. Thank you. Case number 107832 will be taken under advisement. As agenda number 6.